Philip D. Gordon Attorney for Fire District No. 11, Jefferson County, Kansas P.O. Box 82 Valley Falls, Kansas 66088
Dear Mr. Gordon:
As the attorney for fire district no. 11, Jefferson county, you inquire whether K.S.A. 65-6113(d) requires Jefferson county to reimburse the fire district with its proportionate share of the county general fund budgeted for ambulance services.
K.S.A. 65-6113(d) states, in relevant part, as follows:
 "In the case of a county, the board of county commissioners shall not provide ambulance service . . . in any part of the county which receives ambulance service, but the county shall reimburse any taxing district which on the effective date of this act provides ambulance services to such district with its proportionate share of the county general fund or special tax levy fund budgeted for ambulance services within the county. . . . Any taxing district establishing ambulance service in any part of a county under the provisions of this act on or after the effective date of the this act shall not be entitled to receive reimbursement pursuant to this subsection until a final order of the emergency medical services board ordering such reimbursement is issued following the furnishing of notice and an opportunity for a hearing to the interested parties. No order for reimbursement shall be issued unless the emergency medical service board finds that such establishment shall enhance or improve ambulance service provided to the residents of such taxing district. . . ."
In order to answer your query it is necessary to review the historical relationship between Jefferson county and the fire district relative to providing ambulance services, and the legislative history of K.S.A.65-6113.
In 1973 pursuant to K.S.A. 19-261 (repealed L. 1988, ch. 261), Jefferson county initiated ambulance service throughout the county which included the area encompassed by fire district no. 11. K.S.A. 19-261
provided, in relevant part, as follows:
 "The board of county commissioners of any county may provide as a county function . . . the furnishing of ambulance services within all or any part of their respective counties. . . . The board of county commissioners shall not provide ambulance service under the provisions of this act in any part of county which receives adequate ambulance service, but the county shall reimburse any taxing district which provides ambulance services to such district with its proportionate share of the county general fund budgeted for ambulance services within the county. . . ."
In Robinson v. Board of County Comm'rs of Osborne County, 210 Kan. 684
(1972) the Kansas Supreme Court construed K.S.A. 19-261's prohibition against counties providing ambulance services in taxing districts that already had adequate service and requiring reimbursement to taxing districts that had such services as providing relief from double taxation. In Attorney General Opinion No. 82-245, former Attorney General Robert T. Stephan, citing the Robinson case, concluded that K.S.A. 19-261
did not obligate a county to reimburse a taxing district which was not providing adequate ambulance service at the time the county began furnishing county-wide ambulance service.
In 1973 when the county commenced its county-wide ambulance service, fire district no. 11 was not providing ambulance services to the residents of its district. (It established its own ambulance service in 1983 but apparently never requested reimbursement from the county pursuant to K.S.A. 19-261. If it had done so, it is doubtful that the fire district would have been entitled to receive reimbursement because the county had been first to provide ambulance service to the district residents.)
K.S.A. 19-261 and a variety of other statutes addressing the funding of municipal ambulance services was repealed in 1988 when the emergency medical services act was enacted. This legislation was designed in part to eliminate the confusion that resulted from the various funding mechanisms for municipal ambulance services. Report of Interim Committeesto the 1988 Legislature, Proposal No. 26.
Section 12 of 1988 substitute for house bill no. 2639 (later K.S.A.65-6113) allowed any municipality including counties and fire districts to establish, operate and maintain ambulance services and fund such services through an annual tax levy not to exceed three mills subject to a protest election. The statute's prohibition on counties providing ambulance services in any part of the county which receives those services and requiring reimbursement to taxing districts which provide ambulance services is taken from K.S.A. 19-261. Minutes, House Committee on Local Government, attachment 2 (January 26, 1988). During hearings on the emergency medical services act several counties which provided county-wide ambulance services expressed concern that the reimbursement provision would be an invitation for cities and other taxing districts to provide their own ambulance service and then require a county to reimburse them from the county-wide levy for their proportionate share of the county-wide tax. Id. Responding to this concern, the legislature amended the bill so that a county which provided county-wide ambulance service would not be obligated to reimburse a taxing district unless it had a tax sharing agreement in place on the effective date of the emergency medical services act — April 14, 1988. Minutes, House Committee on Local Government, Attachment 2 (January 26, 1988 and January 27, 1988). In short, reimbursement agreements that were in effect on the effective date of the emergency medical services act were grandfathered in. It is our understanding that fire district no. 11 and Jefferson county had no such agreement on April 14, 1988 and therefore, it is our opinion that the district is not entitled to reimbursement from Jefferson county.
For those taxing districts that established an ambulance service under the authority of K.S.A. 65-6113 on or after April 14, 1988, such districts will not be entitled to receive reimbursement from a county until the emergency medical services board orders such reimbursement after determining that the establishment of ambulance service will enhance or improve ambulance service to the residents of the taxing district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm